NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FLORES,

    plaintiff,

v.

CITY OF TRENTON, et al.,

    defendants.

Civ. No. 03-5047

**OPINION**

**CHESLER, District Judge**

This matter comes before the Court by way of motion of the plaintiff for leave to voluntarily dismiss Counts One and Two of his Complaint, which embody his only federal claims, with prejudice; and to remand the remaining claims to state court. [Docket Entry No. 159]. Plaintiff argues his motion should be granted because he is entitled to representation by counsel of his choosing[1] (Plaintiff's Brief at 3-4); plaintiff is not required to prosecute claims against his will and would be prejudiced by doing so in this case (<u>id.</u> at 4-6); and "[r]emand is proper when the federal court no longer has subject matter jurisdiction" (<u>id.</u> at 6).

Defendant City of Trenton opposes plaintiff's motion, arguing that dismissal of Counts One and Two would deprive it the opportunity to have its counterclaims adjudicated by the

---

[1] Specifically, plaintiff argues that Counts One and Two implicate facts that would make his counsel of choice, Raymond C. Staub, Esq., a material witness and, therefore, unable to serve as his attorney. (Plaintiff's Brief at 3-4.)

federal court[2] (Trenton's Opposition at 4-7); and plaintiff may have counsel of his choice without dismissing Counts One and Two (id. at 8-10). Alternatively, Trenton requests that the motion be held in abeyance until their recently filed summary judgment motions are decided. (Id. at 11.) If plaintiff's motion is granted, Trenton argues the Court should require plaintiff to reimburse it for the cost of the "number of procedural obligations [that] were imposed upon [it]" by virtue of plaintiff's original choice of filing the action in federal court. (Id. at 12-13.)

The Court will grant plaintiff's motion for leave to withdraw Counts One and Two with prejudice. Plaintiff is entitled to make such decisions and the defendant has asserted no compelling reason to deny his request. Defendant is free to assert the same counterclaims in state court as it has before this Court. Thus, plaintiff's request to dismiss his claims is granted and such claims are dismissed with prejudice.

The Court will deny plaintiff's motion to remand the case, and will dismiss the parties' remaining claims. The parties in this case are not diverse. Thus, this Court exercises supplemental jurisdiction over the parties' state claims because they are part of the same case and controversy as plaintiff's federal claims. See 28 U.S.C. § 1367(a). Having dismissed plaintiff's federal claims, therefore, the Court shall further decline to exercise supplemental jurisdiction over these claims. See 28 U.S.C. § 1367(c); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 308 (3d Cir.2003); Mayer v. Gottheiner, 382 F. Supp. 2d 635, 662 (D.N.J. 2005). The Court must, however, deny plaintiff's

---

[2] Trenton has asserted counterclaims of Unjust Enrichment and Misappropriation of Funds alleging that plaintiff improperly took paid sick leave while working for the City of Trenton and is obligated to reimburse the City for such pay. (See Trenton's Answer to Plaintiff's Second Amended Complaint, at 48-51.) [Docket Entry No. 103.]

request to "remand" this case to state court because it was originally filed in federal court.  See, e.g., CPC Intern., Inc. v. Am. Sweeteners, Inc., Civ. A. No. 86-5048, 1987 WL 8541, at *1 (E.D. Pa. March 30, 1987) (holding the remand statute does not empower a federal court to remand a case that was not originally brought in state court).  Accordingly, the parties' remaining claims are dismissed without prejudice to their rights, under 28 U.S.C. § 1367(d)³, to assert such claims in state court.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to withdraw Counts One and Two of his Complaint is **GRANTED** and such claims are **DISMISSED WITH PREJUDICE**, plaintiff's motion to remand is **DENIED**, the parties' remaining claims are **DISMISSED** without prejudice to parties' rights to file these claims in state court pursuant to 28 U.S.C. § 1367(d), all pending motions are **TERMINATED**, and this case is **CLOSED**.  An appropriate Order will follow.

Date: March 2, 2006



/s/Stanley R. Chesler
United States District Judge

---

³28 U.S.C.A. § 1367(d) provides as follows:

> The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.